IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT WALTER BONNER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3:12-CV-4019-K-BN |
| | § | |
| DON ADAMS, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

**I.**

This is a *pro se* civil rights action brought by Robert Walter Bonner, a Texas prisoner, seeking money damages from three Burleson, Texas police officers claiming the unconstitutional deprivation of his property in connection with the execution of a search warrant on May 8, 2007. On October 5, 2012, plaintiff tendered a civil rights complaint to the district clerk and paid the $350.00 statutory filing fee. The court now determines that this case should be summarily dismissed as duplicative pursuant to 28 U.S.C. § 1915A(b)(1).

**II.**

A district court is required to screen a civil action brought by a prisoner seeking relief from a governmental entity or employee. *See* 28 U.S.C. § 1915A(a). On initial screening, the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

(1)    is frivolous, malicious, or fails to state a claim upon which

relief may be granted; or

(2)    seeks monetary relief from a defendant who is immune from
       such relief.

*Id.* § 1915A(b).  An action is frivolous if it lacks an arguable basis in either law or fact.  *See Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir. 1991).  A

complaint is without an arguable basis in law if it is grounded upon an untenable or discredited legal

theory.  *See Neitzke*, 490 U.S. at 327.  A claim may be deemed to lack an arguable basis in fact only

if it is based upon factual allegations that are clearly fanciful or delusional in nature.  *See Denton*

*v. Hernandez*, 504 U.S. 25, 32-33 (1992).  A complaint that duplicates claims asserted in an earlier

case may be deemed malicious and subject to summary dismissal.  *See Pittman v. Moore*, 980 F.2d

994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 849-40 (5th Cir. 1989).

## III.

This is the second time plaintiff has raised these claims in a federal lawsuit.  A prior action

brought by plaintiff asserting nearly identical claims against the same defendants was dismissed for

lack of subject matter jurisdiction because Texas provides adequate state post-deprivation remedies.

*See Bonner v. Bosworth,* No. 3:10-CV-2150-O-BH (N.D. Tex. Mar. 30, 2011), *rec. adopted*, (N.D.

Tex. May 2, 2011), *appeal dism'd*, 451 F. App'x 410 (5th Cir. 2011).  Although plaintiff contends

that his subsequent failure to obtain relief through state court litigation establishes that those

remedies are inadequate, he is not permitted to relitigate these claims in federal court.  This action

should be summarily dismissed as duplicative under 28 U.S.C. § 1915A(b)(1).  *See Pittman*, 980

F.2d at 995; *Wilson*, 878 F.2d at 849.

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**SO RECOMMENDED on this 10th day of October, 2012.**


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE



**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE